**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Navarro, | No. CV-18-02333-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Portfolio Recovery Associates, LLC, | |
| Defendant. | |

At issue is Defendant's Motion for Summary Judgment (Doc. 26, DMSJ), supported by Defendant's Statement of Facts (Doc. 27, DSOF), to which Plaintiff filed a Response (Doc. 30) and Defendant filed a Reply (Doc. 36); and Plaintiff's Motion for Summary Judgment (Doc. 28, PMSJ), supported by Plaintiff's Statement of Facts (Doc. 29, PSOF), to which Defendant filed a Response (Doc. 32) and Plaintiff filed a Reply (Doc. 35). For the reasons that follow, the Court grants Defendant's Motion and denies Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff's Complaint (Doc. 1) alleges a single violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. Before the Court are the parties' cross motions for summary judgment.

In 2017, Plaintiff obtained his credit report from the three major credit reporting agencies and noticed that Defendant, a debt collector and data furnisher, was reporting a delinquent account. Around December 6, 2017, Defendant received a letter[1] stating that

---

[1] It appears that Plaintiff did not actually send the letter himself. The letter was

Plaintiff disputed the reported account. (PSOF, Ex. 1.) On December 27, Defendant electronically communicated to the credit reporting agencies an "XB" compliance code for Plaintiff's account. (DSOF, Ex. E; Ex. B.) Data furnishers, such as Defendant, are required to use Compliance Condition Codes when communicating to the reporting agencies the status of accounts. An XB code signals to the agencies that the account is in dispute. (DSOF, Ex. B at 2.) Defendant, who reports to the agencies on the 8th and 27th of every month, again reported an XB code on January 8, 2018. (DSOF, Ex. E.)

On January 11, Defendant sent Plaintiff a letter stating that it had completed its investigation into the dispute and determined that the reported account was valid. (DSOF, Ex. F.) It attached a copy of two statements reflecting a delinquent credit card account that Plaintiff had opened with Capital One Bank. Plaintiff admitted that he received this letter. (DSOF, Ex. D at 7.) Nothing in the record indicates whether Plaintiff followed up with Defendant or continued to dispute the debt.

After completing its investigation in January, Defendant began submitting an "XC" compliance code to the credit reporting agencies. (DSOF, Ex. E; Ex. B.) An XC code informs the reporting agencies that the data furnisher has completed the investigation into the disputed account but that the consumer disagrees with the outcome of the investigation. Defendant continued to submit an XC code twice monthly until Plaintiff brought this lawsuit. (DSOF, Ex. E; Ex. B.)

On July 2, 2018—three weeks before filing suit—Plaintiff entered into a payment plan with Defendant for the very debt that is the subject of this litigation.[2] (DSOF, Ex. G.) Plaintiff pulled his credit report three days later and discovered that Experian was still reporting Plaintiff's outstanding and past-due debt with Defendant. On July 25, the day he

---

signed "James Navarro w/ permission." Plaintiff testified at his deposition that he had never seen the letter prior to the deposition and that his lawyers signed it. (DSOF, Ex. D at 6.)

[2] In his deposition, Plaintiff testified that at one point he opened an account with Capital One and did not fully pay off the credit card, and that he has never denied that he owed the amount on that credit card. (DSOF, Ex. D at 4.)

filed this suit, Plaintiff made his first payment to Defendant in accordance with the payment plan. (DSOF, Ex. G.)

## II.     LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the Court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

### A. FDCPA Claim

The FDCPA prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection" of a debt. 15 U.S.C. § 1692e. This includes "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." § 1692e(8). Plaintiff argues that Defendant violated this provision by failing to report to Experian that the account was in dispute as of December 2017, when Defendant received Plaintiff's initial letter. Defendant argues that it reported the dispute to the reporting agencies, including Experian; investigated the account; determined its validity; informed Plaintiff of its validity; and reported the status of the investigation to the reporting agencies.

To support his argument, Plaintiff submitted a copy of the July 2018 Experian credit report showing Plaintiff's account as past-due. Defendant argues that the Experian report is inadmissible because it is both hearsay and unauthenticated. "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). However, with respect to a non-moving party's evidence,[3] this Court and the Ninth Circuit Court of Appeals have interpreted this rule as bearing on substance rather than form. That is, courts may consider evidence that may be inadmissible in its present summary judgment *form*, but whose *contents* would nonetheless be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."); *Cook v. Lee*, No. CV-17-02569-PHX-DGC, 2019 WL 2525373, at *4 (D. Ariz. June 19, 2019).

---

[3] The Court acknowledges that Plaintiff is both a non-moving and a moving party in this instance. The analysis and the end-result are unchanged by this fact.

- 4 -

Yet, even accepting that he could authenticate and establish a hearsay exception for the Experian report at trial, Plaintiff has still failed to raise a genuine dispute of material fact. In its Motion, Defendant submitted a declaration from its Vice President of Complaints and Disputes. (DSOF, Ex. B.) She averred that Defendant reported the dispute to the reporting agencies by submitting an XB code—the required and only mechanism to signal a dispute. After ascertaining the validity of Plaintiff's account, Defendant submitted XC codes, signaling that it had conducted and completed an investigation into the disputed debt.

Defendant attached internal records that reflect and corroborate this. Specifically, before December 27, Defendant was not reporting any compliance code. However, December 27 and January 8's transmissions contain an XB code. And an XC code occupies the field from January 27 until this suit.

Plaintiff's only evidence, the Experian report, does not contradict Defendant's declaration or internal records. The fact that Experian may have failed to take corrective action on its end does not support the inference that Defendant failed to report the dispute on its end. Had Plaintiff, for example, submitted evidence that Experian did not *receive* the dispute notice from Defendant, he may have created a dispute of material fact as to whether Defendant sent it. But the Court will not read this into Plaintiff's evidence. Without more, Defendant has demonstrated that it satisfied its duties and, accordingly, cannot be held liable for Experian's possible deficiencies.[4]

Defendant has provided evidence that it reported the disputed debt. Plaintiff has provided no evidence to controvert this. The Court therefore grants Defendant's Motion for Summary Judgment and denies Plaintiff's cross-Motion for Summary Judgment. *See Anderson*, 477 U.S. at 256-57.

---

[4] As Defendant noted, the Fair Credit Reporting Act supplies a cause of action against a credit reporting agency for failure to report a disputed account.

**B.     Attorneys' Fees**

Defendant seeks its attorneys' fees and costs under the FDCPA and Federal Rule of Civil Procedure 54(d)(1). The Court agrees that Defendant may be eligible for fees under 15 U.S.C. § 1692k(a)(3) and costs under Rule 54. Defendant has 21 days from the date of this Order to file its application demonstrating its entitlement to and reasonableness of its fees under LRCiv 54.2.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 26) and denying Plaintiff's Motion for Summary Judgment (Doc. 28).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment in favor of Defendant and to close this case.

**IT IS FURTHER ORDERED** that Defendant has 21 days from this Order to file its fee application in compliance with LRCiv 54.2.

Dated this 16th day of September, 2019.

Honorable John J. Tuchi
United States District Judge