**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Navarro,<br><br>          Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC,<br><br>          Defendant. | No. CV-18-02333-PHX-JJT<br><br>**ORDER** |

At issue is Defendant's Application for Attorneys' Fees and Non-taxable[1] Costs (Doc. 39, Mot.), to which Plaintiff filed a Response (Doc. 40, Resp.) and Defendant filed a Reply (Doc. 41). For the reasons that follow, the Court grants in part and denies in part Defendant's Motion.

**I.      BACKGROUND**

In 2017, Plaintiff obtained his credit report from the three major credit reporting agencies and noticed Defendant, a debt collector and data furnisher, was reporting a delinquent account. Around December 6, 2017, Plaintiff, through counsel, sent Defendant a letter disputing the account. (Doc. 27 Ex. D at 6; Doc. 29 Ex. 1.) Defendant proceeded to report to the agencies that the account was in dispute while it investigated the same. (*See* Doc. 27 Exs. B & E.)

---

[1] In its Reply, Defendant clarifies that the Application seeks taxable, rather than non-taxable, costs.

On January 11, 2018, Defendant sent Plaintiff a letter stating it had completed its investigation and determined the account, a credit card with Capital One Bank, N.A., was valid. (Doc. 27 Ex. F.) Defendant attached supporting documentation showing the validity of the account. Nothing indicated whether Plaintiff followed up with Defendant or continued to dispute the debt. Defendant then began reporting to the agencies that it had completed the investigation into the disputed account, but that the consumer disagrees with the outcome. Defendant continued to submit that information to the agencies twice monthly. (Doc. 27 Ex. E, Ex. B ¶ 14.)

On July 2, 2018, Plaintiff entered a repayment plan with Defendant. (*See* Doc. 27 Ex. G at 3.) Around the same time, he pulled his credit report again and noticed Experian was not reporting the debt as disputed. (Doc. 1 ¶ 14.) Plaintiff then filed this lawsuit, alleging a single count under the Fair Debt Collection Practices Act (FDCPA). The basis of the Complaint was that Defendant violated 15 U.S.C. § 1692e by "using false representations or misrepresenting the Alleged Debt by [failing] to report a disputed debt as disputed." (Doc. 1 ¶ 23.) On the same day he filed the present action, Plaintiff made his first payment under the repayment plan with Defendant. (*See* Doc. 27 Ex. G at 3.)

The parties eventually cross-moved for summary judgment on Plaintiff's single FDCPA claim. On September 16, 2019, the Court entered judgment in favor of Defendant and against Plaintiff. (Doc. 38.) In its accompanying Order (Doc. 37, Order), the Court found Defendant had submitted several pieces of evidence, including a declaration from Defendant's Vice President of Complaints & Disputes and a copy of Defendant's internal records, demonstrating it properly reported the debt as disputed to Experian. (*See* Order Exs. B & E.) The Court noted Plaintiff's "only evidence," the Experian report displaying the Capital One account as not disputed, did "not contradict Defendant's declaration or internal records." (Order at 5.) "The fact that Experian may have failed to take corrective action on its end does not support the inference that Defendant failed to report the dispute on its end." (Order at 5.)

The Court agreed that Defendant "may be eligible for fees under 15 U.S.C. § 1692k(a)(3) and costs under Rule 54." (Order at 6.) Defendant timely submitted its application for fees and costs, which is now before the Court.

## II.     ANALYSIS

### A.     Attorneys' Fees under the FDCPA

The FDCPA contains a fee-shifting provision that permits a Court, "on a finding . . . that an action . . . was brought in bad faith and for the purpose of harassment," to award a defendant's reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3). An award of attorneys' fees is not authorized against a plaintiff's attorneys—only the plaintiff himself. *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1140 (9th Cir. 2009). Further, fees are not awarded simply because a party prevails in the litigation. Defendant bears the high burden of showing Plaintiff acted with both bad faith and for the purpose of harassment in bringing the instant suit. This is a "particularly difficult standard to meet" and courts "generally give the plaintiff the benefit of the doubt that the action was not filed in bad faith and for the purposes of harassment." *Branco v. Credit Collections Servs., Inc.*, 2012 WL 1143562, at *1 (E.D. Cal. Apr. 4, 2012). When a claim is at least "colorable," attorneys' fees are inappropriate. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007).

Defendant advances several reasons for why it is entitled to fees under § 1692k. First, Defendant suggests that because the Court determined Plaintiff failed to produce any evidence controverting Defendant's showing that it reported the account as disputed, Plaintiff's claim was "wholly baseless." (Mot. at 3, citing Order at 4.) The Court disagrees. As noted above, Plaintiff submitted evidence that Experian was not reporting Plaintiff's Capital One account as disputed after Plaintiff sent the dispute letter to Defendant. This evidence did not contradict Defendant's evidence because Defendant could comply with its duties to report, yet at the same time a reporting agency may fail to accurately report the dispute on its end.

However, while Plaintiff's claim may have rested on faulty logic, the Court did not—and does not now—conclude it was "wholly baseless." Indeed, the Court even noted

1    certain evidence that may support the proposition that Experian's failure to report implied
2    Defendant failed to report: had Plaintiff produced evidence that Experian did not *receive*
3    the dispute notice from Defendant, he may have created a dispute of material fact as to
4    whether Defendant sent it. (*See* Order at 5.) But Plaintiff's failure to establish the requisite
5    evidence for each element of his claim does not make the claim itself entirely frivolous or
6    baseless. If that were the case, any claim that fails to survive summary judgment would
7    qualify as such.

8    Second, Defendant asserts Plaintiff was aware of the invalidity of his claims since
9    at least August 2018, just one month after filing the action. (Mot. at 3.) Defendant points
10   to an email Defendant's in-house counsel sent Plaintiff's counsel on August 29, 2018. (*See*
11   Doc. 27 Ex. H.) In it, Defense counsel stated he had reviewed the records and confirmed
12   that Defendant had sent the appropriate dispute code to Experian. He proposed Defendant's
13   waiver and deletion of Plaintiff's account number in exchange for dismissal of the action.
14   Plaintiff's counsel replied that she would "gladly review" the documents showing
15   Defendant reported the account as disputed to the agencies. (*See* Doc. 27 Ex. H.) Yet,
16   nothing in the record indicates Defendant sent those records to Plaintiff at that time, and
17   Defendant does not argue it did. As Plaintiff points out, he "does not have to accept
18   Defendant's word that it did not violate the FDCPA." (Resp. at 7.) The Court agrees.

19   Plaintiff further notes that Defendant did not submit the internal records in its initial
20   disclosures, but rather, sent them only after Plaintiff requested them sometime during
21   discovery.[2] To this point, Plaintiff refers to the language of the statute, which states a
22   defendant may be awarded its attorneys' fees "[o]n a finding by the court that *an action*
23   *under this section was brought* in bad faith and for the purpose of harassment." *See* 15

---

[2] The Court notes Defendant's internal records, submitted with its Motion for Summary Judgment (*see* Doc. 27 Ex. E), constituted an out-of-court document that was not properly authenticated by Defendant. However, Plaintiff never raised these evidentiary objections and therefore waived them. *See White Mem'l Med. Ctr. v. Thompson*, 11 F. App'x 764, 767 (9th Cir. 2001). The Court brings them up now only to highlight that while Plaintiff ultimately failed to raise a genuine dispute of material fact, Defendant's evidence itself may have been properly subject to evidentiary challenges.

U.S.C. § 1692k(a)(3) (emphasis added).³ Several courts in this circuit have interpreted this as precluding fees arising out of "conduct that occurred after the action was filed." *Arutyunyan v. Cavalry Portfolio Servs.*, 2013 WL 500452, at \*3 (C.D. Cal. Feb. 11, 2013); *see also Bagumyan v. Valero Energy Corp.*, 2007 WL 1500849, at \*2 (C.D. Cal. Apr. 25, 2007) ("Maintaining a suit does not equate to 'filing' a suit in bad faith, and therefore Defendants' allegation does not satisfy the plain language of the statute."). Defendant does not dispute this contention or point to cases awarding fees in the situation where a plaintiff initially brings an FDCPA action in good faith, realizes its weaknesses during discovery, yet continues to pursue it. Thus, even if Plaintiff learned of the infirmities of his claim after receipt of Defendant's internal records, *but see* fn. 2 *supra*, the Court cannot conclude based on the plain words of the statute that Plaintiff's subsequent failure to voluntarily dismiss the action constituted bad faith.

Finally, Defendant contends that Plaintiff's repayment plan and the fact that he made a payment on the day he filed suit demonstrates bad faith and harassment. The Court is unwilling to reach that conclusion on these facts alone. There may be many reasons why a consumer disputes a debt on his credit report. For example, he may dispute the amount owed, the validity or present status of the debt, to whom the debt is owed, or the date of last payment. Similarly, a consumer may enter a payment plan for many reasons even is he disputes an aspect or the entirety of the debt. Thus, without more, the Court is not persuaded that Plaintiff's partial repayment of the debt demonstrates the suit was brought in bad faith and for purposes of harassment.

The Court is not unsympathetic to a Defendant who is forced to expend resources in defending a weak claim ultimately disposed of at summary judgment. However, in keeping with the public policy objectives of the FDCPA—"to protect consumers from

---

³ Notably, the Fair Credit Reporting Act (FCRA) permits fees "[u]pon a finding by the court that *an unsuccessful pleading, motion, or other paper* filed in connection with an action under this section was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c) (emphasis added). The Court finds significant the fact that the FDCPA does not expressly provide for fees in defending against "an unsuccessful pleading, motion, or other paper," and instead states they are available only if the action itself was brought in bad faith and for the purposes of harassment.

- 5 -

1  abusive debt collection practices by debt collectors," *McAdory v. M.N.S. & Assocs., LLC*,
2  952 F.3d 1089, 1096 (9th Cir. 2020)—Congress mandated that a court may exercise its
3  discretion to award attorneys' fees only if it finds Plaintiff acted in bad faith and to harass.
4  "At bottom, Plaintiff and [his] attorney, prior to any discovery, filed this claim on a tenuous
5  factual foundation." *Branco*, 2012 WL 1143562, at *1. This falls short of bad faith and
6  harassment. Accordingly, the Court denies Defendant its fees under § 1692k(a)(3).

      **B.**    **Costs**

Defendant seeks costs under Rule 54(d)(1). The Supreme Court has held that a court's discretion to award costs under Rule 54(d)(1) to a prevailing party in an FDCPA action is not displaced by the higher standard set forth in 15 U.S.C. § 1692k(a)(3). *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387 (2013). In other words, the Court may still award costs to Defendant, the prevailing party, even though it failed to prove bad faith and harassment.

Here, Defendant requests $423.30 for costs associated with obtaining the transcript of Plaintiff's deposition. These are taxable costs. LRCiv 54(e)(3). Plaintiff objects on the grounds that Defendant did not file his bill of costs with the Clerk within 14 days of entry of judgment. *See* LRCiv 54(a). However, pursuant to both its inherent authority over the management of cases and Rule 6(b)(1), the Court provided Defendant 21 days to file its "application." In its timely filed application, Defendant requested costs in the amount of $423.20. (*See* Mot. at 5, Ex. D ¶ 4.) Thus, Defendant Court accepts Defendant's bill of cost as timely filed with the Clerk and awards Defendant $423.20 in costs.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Application for Attorneys' Fees and Non-taxable Costs (Doc. 39).

Dated this 6th day of May, 2020.

_____
Honorable John J. Tuchi
United States District Judge